## DONG TONG SING v. NAGLE, Commissioner of Immigration.
### No. 6045.

Circuit Court of Appeals, Ninth Circuit.
June 9, 1930.

Stephen M. White, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Geo. N. Crocker, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus. The only question at issue is the relationship of the appellant to Dong Suey, his alleged father, whose citizenship is conceded. The order of exclusion was based on discrepancies in the testimony.

In the year 1924, the alleged father testified, at Tucson, Ariz., that he married Lee Shee in 1912 at the Chew Jew village, and that she was then in Lung Wan village. At the hearing in 1929 he testified that his wife at all times lived in Chew Jew village, and that, so far as he knew, she had never been at the Lung Wan village.

At the hearing in 1929, the alleged father further testified that in going to the Chung Lau market, about three lis distant from Chew Jew village, you crossed a stream, about forty feet in width, on a stone bridge. The appellant, on the other hand, testified, at the same hearing, that he had visited the Chung Lau market on many occasions, and that in going to the market you crossed neither stream nor bridge.

At the 1929 hearing, the alleged father testified that he informed the supporting witness Dong Hoy Tong, before he left for China in 1926, that he had a son in China, and requested the supporting witness to call at his home. The supporting witness, on the other hand, testified that while in China in 1926 he met the appellant at a school building, by accident, and then discovered for the first time that he claimed to be the son of Dong Suey, the alleged father.

In view of the inherent weakness of the case made by the appellant, we are unable to say that these discrepancies did not warrant a finding that the necessary relationship was not satisfactorily established, under repeated rulings of this and other courts.

The order is affirmed.